[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 106
The plaintiff, Joseph C. Ricotta, filed this action on May 21, 1996, alleging that the defendants, John and Linda Drummond, failed to pay the full amount for materials furnished and services rendered by the plaintiff to the defendants in connection with the construction of a house at Beaver Bog Road in New Fairfield. The plaintiff filed a certificate of mechanic's lien on January 18, 1996 and, in this action, seeks to foreclose on that lien.
The defendants filed an answer, three special defenses, a counterclaim and a prayer for relief on June 17, 1996, and amended their special defenses and counterclaim on August 5, 1996. In the amended second special defense, the defendants allege that the plaintiff's actions violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110b et seq., because the plaintiff "did not properly perform the work called for in the agreements . . . despite his representations to the Defendants that he was an experienced plumbing and heating contractor." In count two of the defendants' amended counterclaim, they allege a violation of CUTPA in that the plaintiff, inter alia, abandoned the project before work was completed, performed the work negligently and in violation of certain provisions of the building code, and "represented to the Defendants that the Plaintiff was an experienced plumbing and heating contractor who had performed work in many homes in a workmanlike manner similar to the work called for [and]. . . . [t]he Defendants relied upon such representations in entering into said Agreements, to their detriment and damage." In their prayer for relief, the defendants seek compensatory and punitive damages, attorney's fees, costs and interest.
The plaintiff filed a motion to strike the amended second special defense and count two of the amended counterclaim on the grounds that CUTPA is not a proper special defense to a foreclosure action, that the defendants did not allege an unfair or deceptive trade practice, that the defendants did not allege damages, and that a single or isolated violation cannot support a CUTPA claim. The plaintiff also argues that the prayer for relief for punitive damages should be stricken because the defendants have failed to allege reckless indifference to the rights of others or is an intentional and wanton violation of such rights, and because, in the absence of a legally sufficient CUTPA claim, no basis exists to support a claim for punitive damages. Finally, the plaintiff seeks to strike the claim CT Page 1698 for attorney's fees on the ground that, without the CUTPA claim, there is no statutory or contractual authority for the defendants to seek such fees.
A motion to strike tests the legal sufficiency of a counterclaim, a prayer for relief, and a special defense. Practice Book § 152: Rowe v.Godou, 209 Conn. 273, 280 n. 10, 550 A.2d 1073 (1988); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978); Fairfield Lease Corp. v.Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). A motion to strike admits all facts well-pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The court must construe the facts in the pleading most favorably to the pleader, RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994), and is limited to considering the grounds specified in the motion. Meredith v. PoliceCommission. 182 Conn. 138, 140-41, 438 A.2d 27 (1980).
CUTPA, General Statutes § 42-110b, provides, in pertinent part, that "[n]o person shall engage in unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." Connecticut courts have adopted three factors known as the "cigarette rule" to determine whether a practice is unfair under CUTPA. Prishwalko v. BobThomas Ford, Inc., 33 Conn. App. 575, 584, 636 A.2d 1383 (1994). These three factors include: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise. . .; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; internal quotation marks omitted.)Fink v. Golenbock, 238 Conn. 183, 215, 680 A.2d 1243 (1996). Moreover, a suit undertaken pursuant to CUTPA need not demonstrate a nexus with the public interest, because the holding in Ivey Barnum O'Mara v. IndianHarbor Properties, Inc., 190 Conn. 528, 537, 461 A.2d 1369 (1983) was "repealed by legislative fiat." (Internal quotation marks omitted.) Wilsonv. Firemen's Fund Insurance Co., 40 Conn. Sup. 336, 338, 499 A.2d 81
(1985), citing Public Act 1984, No. 84-468.
Alternatively, an act may violate CUTPA if it is deceptive. General Statutes § 42-110b. "An act or practice is deceptive if three conditions are met. First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading CT Page 1699 representation, omission, or practice must be material — that is, likely to affect consumer decisions or conduct." (Citations omitted; internal quotation marks omitted.)Southington Savings Bank v. Rodgers, 40 Conn. App. 23, 28,668 A.2d 733 (1995).
In the amended second special defense, the defendants allege that the plaintiff did not perform the work as agreed "despite his representations to the Defendants that he was an experienced plumbing and heating contractor." The defendants do not allege in this special defense, however, that the plaintiff was not in fact "an experienced plumbing and heating contractor." As such, the defendants have failed to allege that the representation of the plaintiff either offended public policy or was in any way "immoral, unethical, oppressive, or unscrupulous." Fink v.Golenbock, supra, 238 Conn. 215. Therefore, the second amended special defense fails to allege an unfair practice within the meaning of CUTPA. General Statutes § 42-110b.
Similarly, nowhere does the special defense indicate that the representation of the plaintiff was "likely to mislead consumers," thus this defense fails to meet the first of the three prongs in the test for a deceptive practice. SouthingtonSavings Bank v. Rodgers, supra, 40 Conn. App. 28. Therefore, the plaintiff's second ground for its motion to strike the special defense, that the defense "fails as a CUTPA claim because it does not allege an unfair or deceptive trade practice," is proper, and the second amended special defense is stricken.[1]
In the amended second count of the counterclaim, the defendants allege that the plaintiff breached the agreement in various ways and state that "the Plaintiff represented to the Defendants that the Plaintiff was an experienced plumbing and heating contractor who had performed work in many homes in a workmanlike manner similar to the work called for in the Agreements," and that the defendants relied upon such representations to their damage. Because the defendants have failed to allege that such representation by the plaintiff was false, this count of the counterclaim fails to allege either an unfair or a deceptive practice within the meaning of CUTPA, for the same reasons explained above for the amended second special defense. Therefore, the plaintiff's second ground for its motion to strike is proper, and the amended second count of the counterclaim is stricken.[2]
The plaintiff also argues that the claim for punitive damages and attorney's fees should be stricken. "[U]nder CUTPA, a plaintiff is entitled to have the trial court consider awarding CT Page 1700 both punitive damages; General Statutes § 42-110g (a); and attorney's fees. General Statutes § 42-110g (d). . . ." (Internal quotation marks omitted.) Saturn Construction Co. v.Premier Roofing Co., 238 Conn. 293, 311, 680 A.2d 1274 (1996). However, the striking of the defendants' CUTPA claims makes General Statutes § 42-110g (a) (g) inapplicable.
Attorney's fees may be awarded under contractual or statutory authorization or as a component of punitive damages. Farrell v. Farrell,36 Conn. App. 305, 311, 650 A.2d 608 (1994). Absent a valid CUTPA claim, however, "punitive damages are rarely allowed for breach of contract." Barry v. Posi-Seal International, Inc., 40 Conn. App. 577, 584,672 A.2d 514 (1996). In fact, "the single reported case in which an award of punitive damages for breach of contract was upheld is L. F. Pace[ Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986)], a case in which the plaintiff was damaged by the defendant's breach of its implied contract to issue certain surety bonds." Id. Since the factual situation of the present action bears no resemblance to that of L. F. Pace, the punitive damages prayer for relief is inappropriately sought in the present action, and thus is stricken. Moreover, since there is no contractual or statutory support for attorney's fees, and since there is no valid claim for punitive damages, the prayer for attorney's fees is also stricken.
Stodolink, J.