## JOANNE FARRELL *v.* FRANK FARRELL ET AL.
## (12268)

O'CONNELL, FOTI and CRETELLA, Js.

Argued September 22—decision released December 6, 1994

*Maureen P. Temchin,* with whom, on the brief, were *Earl M. Temchin* and *William J. Nulsen,* for the appellants (named defendant et al.).

*Edward J. Dolan,* with whom, on the brief, was *Kent Harvey,* for the appellee (plaintiff).

CRETELLA, J. In this action seeking dissolution of marriage and an equitable decree voiding certain

fraudulent conveyances, the defendants Frank Farrell, Susan Cifarelli and the East Pearl Development Company appeal from the judgment rendered in favor of the plaintiff, Joanne Farrell.[1]

The case was tried before a state trial referee, who granted the dissolution. As to the fraudulent conveyance claim, he found that the named defendant was the equitable owner of three properties located in New Haven and North Haven. The referee ordered two of these three properties transferred to the plaintiff. The defendants argue on appeal that (1) the findings with respect to the three properties were not supported by the record, (2) the referee abused his discretion in awarding attorney's fees, (3) the fraudulent conveyance of the three properties was not proven by clear and convincing evidence, and (4) the referee abused his discretion in ordering two of the properties transferred to the plaintiff.

We affirm the judgment as to the finding that the properties had been fraudulently conveyed. We must consider, however, who is liable for the payment of the plaintiff's attorney's fees, as well as whether the court abused its discretion with regard to the amount of the fee awarded.

The referee found the following facts. The plaintiff and the named defendant were married in 1969 and were separated in 1982. In 1982, after leaving the plaintiff, the named defendant moved in with the defendant Susan Cifarelli. In 1973, the named defendant had purchased a property located at 77 East Pearl Street

---

[1] The defendants named in this action were Frank Farrell, Susan Cifarelli, the East Pearl Development Company, Leon Crockett and Pasquale Palmieri. Crockett did not appear in the action and was not present at trial. Palmieri was not present at trial and has not appealed the trial court's ruling. As used in this opinion, the word defendants refers to Frank Farrell, Cifarelli and the East Pearl Development Company.

in New Haven for $8000. He testified that after he "fixed . . . up" the property, he "sold it" to the defendant Leon Crockett for the mortgage balance of $4365 and cash of $6000. The referee found that 77 East Pearl Street earns rents of $1000 per month and that the "sale" of the property for the price stated was not "believable."

In 1976, the named defendant and the defendant Pasquale Palmieri bought the second of the subject properties, located at 177-179 Ferry Street in New Haven. The purchase price was $33,000. After the named defendant "remodeled" it, the property returned rents of $2340 per month. In 1978, the named defendant sold his "half interest" in this property to Palmieri for $7700, who in turn later transferred it to Crockett. The referee found that $7700 was a fraction of what it cost the named defendant to buy the property, and that this "sale" also was not "believable."

The referee noted that according to the testimony at trial, Crockett had formed a corporation, the East Pearl Development Company, to own, hold title to, and administer the two properties at 77 East Pearl Street and 177-179 Ferry Street. After creation of the corporation, Crockett transferred his stock to Cifarelli. The referee therefore found that "with one stroke of the pen . . . Cifarelli, who had Crockett's power of attorney, deeded these properties to herself, with her signature, without any consideration being passed."[2]

---

[2] With regard to 77 East Pearl Street and 177-179 Ferry Street, the referee's memorandum of decision further states:

"Frank Farrell originally purchased the East Pearl Street and Ferry Street properties, fixed them up himself and 'conveyed' them to Crockett and Palmieri for minimal considerations.

"After holding the properties for a short period of time Crockett and Palmieri each gave them to Cifarelli, the live in girl friend of the defendant Farrell.

"During these brief periods, Susan Cifarelli collected the rents. After she was given the properties, either she or the defendant Farrell continued to collect the rents.

The last of the subject properties, 12 Chapel Hill Road in North Haven, was purchased by Cifarelli herself. The referee found, however, that none of the moneys allegedly used to purchase the property came from Cifarelli. Rather, the referee found that the funds came from the named defendant.

The referee further noted that Darlene Farrell, the daughter of the named defendant, testified "that she had been told on several occasions by [the named defendant] and . . . Cifarelli that [the named defendant] owned all of the properties and that the East Pearl Development Company had been formed to make sure that the plaintiff . . . would be unable ever to get anything."

The referee granted the dissolution and ordered that two of the properties, 77 East Pearl Street and 177-179 Ferry Street, be conveyed or transferred to the plaintiff from the defendants, pursuant to General Statutes §§ 46b-66a[3] and 46b-81.[4] The court further ordered the defendants Frank Farrell, Cifarelli and Palmieri,[5] jointly and severally, to pay the plaintiff's attorney's fee of $30,000.

"Mr. Farrell testified that he tells people he owns the properties because it makes him feel good . . . he says he owns the properties, 'because it makes it easier to collect the rents for Susan.' "

[3] General Statutes § 46b-66a (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may order the husband or wife to convey title to real property to the other party or to a third person."

[4] General Statutes § 46b-81 (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

[5] Palmieri has not appealed this ruling. See footnote 1.

I

The defendants make several arguments regarding the facts as found by the referee. They first argue that the findings of the referee with respect to the three properties were not supported by the evidence. " 'The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . .This court cannot retry the facts or pass upon the credibility of the witnesses.' (Citations omitted.) *Holy Trinity Church of God in Christ* v. *Aetna Casualty & Surety Co.,* 214 Conn. 216, 223, 571 A.2d 107 (1990)." *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . ." (Citations omitted; internal quotation marks omitted.) Id., 41. We are unable to conclude, on the basis of the record before us, that the referee's findings were clearly erroneous.

The defendants also argue that the trial court incorrectly found by clear and convincing evidence that the three properties had been fraudulently conveyed. "A party who seeks to set aside a conveyance as fraudulent bears the burden of proving that the conveyance was made without substantial consideration and that, as a result, the transferor was unable to meet his obligations (constructive fraud) or that the conveyance was made with fraudulent intent in which the transferee participated (actual fraud)." *Tessitore* v. *Tessitore,* 31 Conn. App. 40, 42, 623 A.2d 496 (1993). "A fraudulent conveyance must be proven by clear and convincing evidence." Id., 43. Whether a conveyance is fraudulent is purely a question of fact. *Tyers* v. *Coma,* 214 Conn. 8, 11, 570 A.2d 186 (1990). For the reasons

stated above, we cannot conclude that the trial court's factual findings that the properties had been fraudulently conveyed were clearly erroneous.

Finally, the defendants argue that the trial court abused its discretion in ordering the East Pearl Street and Ferry Street properties transferred to the plaintiff. Specifically, the defendants claim that the court did not consider all of the statutory criteria required by General Statutes § 46b-81 (c)[6] before ordering the properties transferred to the plaintiff. The trial court specifically noted, however, that it had "properly considered and weighed the application of all statutory relevant facts prior to deciding this case." On the basis of the record before us, we cannot say that the trial court abused its discretion in ordering the properties transferred to the plaintiff.

## II

The defendants make several arguments with respect to the award of attorney's fees. They first argue that the court abused its discretion under General Statutes § 46b-62 by awarding attorney's fees against the non-spouse defendants, Cifarelli and Palmieri.[7] Pursuant to § 46b-62, "the court may order . . . *either spouse* or *either parent* to pay the reasonable attorney's fees of the other in accordance with their respective finan-

[6] General Statutes § 46b-81 (c) provides in relevant part: "In fixing the nature and value of the property, if any, to be assigned, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[7] The judgment provides: "The court further orders the defendants, Frank Farrell, Susan Cifarelli and Pasquale Palmieri, jointly and severally to pay the plaintiff's attorney fees to her counsel Edward Dolan in the amount of $30,000 within ninety days from the date of this judgment."

cial abilities and the criteria set forth in section 46b-82." (Emphasis added.) Accordingly, attorney's fees in this case may be awarded only against a spouse. While not disputing this, the plaintiff presents several arguments in support of the award.

The plaintiff first argues that since Palmieri did not appeal the judgment, it is conclusive as to him. In *Gino's Pizza of East Hartford, Inc.* v. *Kaplan,* 193 Conn. 135, 141–42, 475 A.2d 305 (1984), however, the Supreme Court noted that a party who fails to appeal a judgment may nonetheless benefit from an appellate decision rendered in the context of an appeal brought by another party in the same case.

The plaintiff argues that the award of counsel fees against the other nonspouse defendant, Cifarelli, was not based on § 46b-62, but rather on "the trial court's common law powers to award attorney's fees as an element of punitive damages." In support of this argument, the plaintiff refers to her prayer for relief in the second amended complaint, which included a request for punitive damages against all defendants.

Generally, attorney's fees may not be recovered, either as costs or damages, absent contractual or statutory authorization. *O'Leary* v. *Industrial Park Corp.,* 211 Conn. 648, 651, 560 A.2d 968 (1989); *Plikus* v. *Plikus,* 26 Conn. App. 174, 179, 599 A.2d 392 (1991). Attorney's fees may be awarded, however, as a component of punitive damages. *O'Leary* v. *Industrial Park Corp.,* supra, 651; *Plikus* v. *Plikus,* supra, 179. "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." *Markey* v. *Santangelo,* 195 Conn. 76, 77, 485 A.2d 1305 (1985). Punitive damages

may be awarded upon a showing of fraud. *O'Leary* v. *Industrial Park Corp.,* supra, 651; *Plikus* v. *Plikus,* supra, 180.

In the present case, the referee did not make any findings with regard to wanton or wilful malicious misconduct. He did find, however, that the properties at issue had been fraudulently conveyed; accordingly, he found that the case was controlled by General Statutes § 52-552,[8] governing fraudulent conveyances. Therefore, although there was a finding of fraud, which might justify an award of punitive damages, the fraud in this case falls within the parameters of § 52-552, which does not provide for an award of attorney's fees. *Derderian* v. *Derderian,* 3 Conn. App. 522, 529, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985). We therefore vacate that portion of the judgment requiring Cifarelli and Palmieri to pay the plaintiff's attorney's fees.

The defendants next argue, pursuant to General Statutes § 46b-82, that the trial court failed to consider the financial ability of the named defendant to pay the fees. We do not agree.

The award of counsel fees was made after a full trial on the merits. The court specifically stated that the award was issued "in order not to undermine the property awards to her, and also because of her physical

---

[8] General Statutes § 52-552 was repealed by Public Acts 1991, No. 91-297, and we have adopted General Statutes § 52-552a, the Uniform Fraudulent Transfer Act. Prior to that adoption, General Statutes § 52-552 governed fraudulent conveyances. Because § 52-552 was in effect when the disputed transfers took place, we must consider this action under that statute. *Tyler* v. *Schnabel,* 34 Conn. App. 216, 220–21, 641 A.2d 388 (1994).

Prior to its repeal in 1991, § 52-552 provided: "All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."

condition that necessitates her wearing a full body cast and being unable to work." The court further noted that the plaintiff has no significant employment skills. On the basis of the foregoing, we cannot say that the award of attorney's fees to the plaintiff was an abuse of discretion. *Tessitore* v. *Tessitore,* supra, 31 Conn. App. 44; *Passamano* v. *Passamano,* 28 Conn. App. 854, 860–61, 612 A.2d 141, rev'd on other grounds, 228 Conn. 85, 634 A.2d 891 (1993).

The final argument on appeal is that the trial court failed to substantiate on the record the plaintiff's attorney's fee request. No motion for articulation was filed, however, requesting that the trial court articulate on the record the basis on which it ordered the payment of counsel fees. See Practice Book § 4051. Without some evidence to the contrary, we will not presume that the trial court improperly applied the law. See *Passamano* v. *Passamano,* supra, 28 Conn. App. 861.

The judgment is reversed in part and the case is remanded with direction to render judgment as on file except as modified to eliminate the ordered payment of attorney's fees by the defendants Susan Cifarelli and Pasquale Palmieri.

In this opinion the other judges concurred.