[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Appellate Court, in describing the facts of this case, stated that it "offer[s] a rare glimpse into the trials and tribulations of the modern day `repo man.'" State v. Indrisano,29 Conn. App. 283, 284, 613 A.2d 1375 (1992), rev'd 228 Conn. 795,640 A.2d 986 (1994).[1] The "repo man" in question is Albert Indrisano who, along with his employer, Eaton Financial CT Page 2068 Corporation (Eaton Financial), are the defendants in this civil action brought by the plaintiff, Bonnie Orgovan.
The Appellate Court, in ruling on Indrisano's conviction of disorderly conduct occurring in the course of his repossessing a photocopier leased by his employer to David Andrews Printing, located in Norwalk, found certain facts. State v. Indrisano,
supra, 29 Conn. App. 284-286. These facts were adopted by the Supreme Court in State v. Indrisano, supra, 228 Conn. 798-800. During a bench trial held over the course of several days, this court listened to all the witnesses and examined the exhibits. This court is exercising an independent judgment regarding the facts, and is not bound by the previous findings in the criminal case. Nevertheless, such a review finds this court in agreement with the facts as found by the trial judge in the criminal case and by the Appellate Court. Thus, those facts are found to be correct and accurate, and are hence adopted but not repeated herein.
In addition, the facts in this case lead this court to a specific conclusion, which again the Appellate Court summed up very succinctly in these words: "[w]e note that although the defendant [Indrisano] may have been entitled to repossess the copy machine in the manner prescribed by Article 9 of our commercial code, the right to engage in self-help does not license lessors and their agents to abuse physically any person in the course of repossession. See General statutes §42a-9-503. While it is true that the law has long recognized the right to forgo [sic] often costly and time-consuming judicial procedures in favor of peaceful, self-help repossession of chattels, it must not be forgotten that this freedom given creditors in repossession must be balanced with the need to avoid possibly violent confrontations." (Internal citations omitted; internal quotation marks omitted.) State v. Indrisano, supra,29 Conn. App. 291-92.
The first count of the plaintiff's revised complaint dated June 10, 1993, alleges that the defendant Indrisano committed an assault and battery on her,[2] and the court finds that she has proved this allegation based on the facts and conclusion above referred to. The next issue is the amount of damages to which the plaintiff is entitled to recover. While the plaintiff's special damages of $100 were nominal, her injuries were not permanent, and there is no claim of lost earnings, nevertheless, she did sustain some physical injuries, viz., a bruised right hand and a CT Page 2069 strained back. There is, moreover, a valid claim of emotional damages resulting from this incident in which the plaintiff was pushed and shoved as described by the Appellate Court, viz., "the defendant [Indrisano] physically wedged Orgovan away from the door by using his shoulders and buttocks." State v. Indrisano,
supra, 29 Conn. App. 285. The plaintiff was justifiably angry and upset over the incident, and remained so for a substantial period of time thereafter. Under all the circumstances, $7,500 is deemed to be fair and just compensatory damages, and this amount is awarded to the plaintiff based on the allegations of the first count of her complaint.[3]
The plaintiff claimed common law punitive damages in connection with her first count. Farrell v. Farrell, 36 Conn. App. 305,311, 650 A.2d 608 (1994), holds that such damages can be awarded only for malicious and wilful injuries where the actor intends to cause the injury received by the claimant. No such wilful or malicious intent existed on the part of Indrisano. This was a conflict that escalated due to the impatience and aggressiveness of the defendants, but does not warrant the imposition of punitive damages.
The defendants attempt to excuse or justify their conduct on the basis of General Statutes § 53a-21, which permits a person to use reasonable physical force to prevent the commission of a larceny. The defendants argue that Indrisano could reasonably believe that the photocopier had been obtained by
Andrews Printing through larceny. General statutes §53a-119 describe p. 375 larceny as when "with intent to deprive another of property or to appropriate the same to himself or a third person, [a person] wrongfully takes, obtains or withholds such property from an owner." "[T]he statutory definition [of owner] encompasses property held by someone who, although not its owner, was in lawful possession thereof." State v. Crosswell,223 Conn. 243, 253, 612 A.2d 1174 (1992). Indrisano knew that David Andrews printing possessed the photocopier as a result of a valid lease by Eaton Financial, and thus this defense involving larceny is inapplicable to the facts of this case.
The second count of the complaint[4] alleges that the conduct of the defendants constituted a violation of General statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).[5] The conduct of the defendant passes certain of the conditions of this act in that it was the trade CT Page 2070 and business of Eaton Financial to lease equipment and to repossess it when the lessee failed to make timely payments. Moreover, even an isolated incident can give rise to liability under this statute. Michael J. Stula Agency v. Wasniewski,
Superior Court, judicial district of New London, Docket. No. 526137 (January 27, 1994, Austin, J., 9 CSCR 159); RLG Associatesv. Gardner Peterson, Superior Court, judicial district of Tolland, Docket No. 5228 (June 7, 1993, Shaughnessy, J.,9 Conn. L. Rptr. 82); Taylor v. Frauenglass, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 457078 (September 13, 1993, Goldberg, J., 9 Conn. L. Rptr. 541). However, the relationship between the plaintiff and the defendants was not that of a consumer or business competitor. "Although privity, in the traditional contractual sense of an exchange of consideration between parties, may no longer be essential for standing under CUTPA, a claimant . . . must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her." Jackson v. R.G. Whipple,Inc, 225 Conn. 705, 726-27, 627 A.2d 374 (1993). In this case, the plaintiff was simply a bystander who became involved in a business relationship between the defendants and their customer, David Andrews Printing. The plaintiff was not the lessee of the photocopier in issue, and did not use the machine in the course of her own business. In order to violate CUTPA, a plaintiff must have some form of a customer, consumer or competitor relationship with a defendant. Id. Because the plaintiff lacks that kind of relationship with the defendants, she has not proved the allegations of the second count of her complaint.
The defendants filed a counterclaim alleging that Indrisano had been falsely imprisoned by the plaintiff when she blocked and locked the door to the store to prevent Indrisano from exiting with the photocopier. "False imprisonment is the unlawful restraint by one person of the physical liberty of another. Any period of such restraint, however brief in duration, is sufficient to constitute a basis for liability . . . the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint wa [was] against his will, that is, that he did not consent to the restraint or acquiesce in it willingly. (Internal citations omitted; internal quotation marks omitted.) Berry v. Loiseau,
supra, 223 Conn. 820. The plaintiff's conduct does not fit within that definition. Indrisano was free to leave anytime, except he insisted on bringing the photocopier with him when he left. The Appellate Court found that "she positioned herself between the CT Page 2071 defendant and door, which she locked, to prevent him from leaving with the copier." State v. Indrisano, supra, 29 Conn. App. 285. The plaintiff's purpose in locking the door was not to prevent Indrisano from leaving, but rather to prevent him from removing the photocopier from the premises. Hence, the tort of false imprisonment was not proved.
In summary, the plaintiff proved the first count of her complaint and is entitled to compensatory damages of $7,500 from the defendants, but did not prove the second count claiming a violation of CUTPA. The defendant Indrisano failed to prove his counterclaim alleging false imprisonment, and therefore judgment enters in favor of the plaintiff with respect to the counterclaim.
Costs are to be taxed by the Clerk.
Dated at Stamford, Connecticut, this day of March, 1996.
William B. Lewis, Judge