[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 102
On June 20, 1996, the plaintiff, Joseph Mitchell, filed a two count complaint against the defendant, Paul Viscount. Count one alleges negligence. Count two alleges recklessness. The complaint alleges that on January 12, 1995, a motor vehicle owned and operated by the defendant struck the motor vehicle operated by the plaintiff. The plaintiff further alleges that he has suffered injuries as a result of this collision.
On July 24, 1996, the defendant filed a motion to strike CT Page 11538 count two of the complaint, as well as the corresponding prayer for relief seeking double or treble damages pursuant to General Statutes § 14-295, on the ground that the plaintiff has failed to plead facts sufficient to support a cause of action for recklessness. The defendant also moves to strike the portion of the prayer for relief which seeks attorneys fees on the ground that no cause of action has been pleaded in support of such relief.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corp. v. Potpourri, 39 Conn. Sup. 132, 133,471 A.2d 681 (1983); Practice Book § 152 (2).
A. General Statutes § 14-195
The defendant argues that count two fails to state a claim for recklessness because it does not allege facts beyond those alleged in count one to support a negligence claim. The plaintiff responds that count two is legally sufficient because it alleges statutory recklessness pursuant to General Statutes § 14-295.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
A split of authority exists in the Superior Court regarding the pleading requirements of § 14-295. Smith v. MitsubishiMotors, Superior Court, judicial district of New London at New CT Page 11539 London, Docket No. 535161 (January 17, 1996, Hurley, J.). Some courts have held that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead facts that would support a claim of recklessness at common law. Bravov. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.); Murray v.Krupa, Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995, Teller, J.); Pitkav. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.). Conversely, other courts have held that the plaintiff is only required to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in General Statutes § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. Nowitz v. JBHTransport. Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); Smith v. Mitsubishi Motors, supra, Superior Court, Docket No. 535161; Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) ("[Section 14-295] does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness.")
This court has previously articulated its agreement with the latter line of cases. Degray v. Sullens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047978 (May 23, 1995, Skolnick, J.). Here, the plaintiff alleged that the defendant operated his motor vehicle deliberately and with reckless disregard, in violation of General Statutes §§14-218a and 14-222, and that such operation was a substantial factor in causing the plaintiff's injuries. Therefore, the court finds that the plaintiff has sufficiently pleaded a claim of statutory recklessness under § 14-295.[1] Accordingly, the court denies the defendant's motion to strike as it pertains to count two of the complaint and the corresponding prayer for relief seeking double or treble damages.
B. Attorney's Fees
The defendant also moves to strike the portion of the prayer for relief seeking attorneys fees because the plaintiff has failed to plead the existence of a contract or a statute which permits the recovery of attorneys fees. The plaintiff responds that the allegation of reckless conduct permits the recovery of CT Page 11540 attorney's fees.
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule."Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652,529 A.2d 702 (1987). However, "[i]n certain actions of tort . . . punitive damages may be awarded. . . . [S]uch damages may not exceed the amount of expenses of litigation in the suit less taxable costs. . . . Punitive damages, applying the rule in this state as to torts, are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Collens v. New Haven Water Co.,155 Conn. 477, 489, 234 A.2d 825 (1967). "Generally, attorney's fees may not be recovered, either as costs or damages, absent contractual or statutory authorization. . . . Attorney's fees may be awarded, however, as a component of punitive damages. . . . To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." (Citations omitted; internal quotation marks omitted.) Farrell v. Farrell,36 Conn. App. 305, 311, 650 A.2d 608 (1994); see Littas v. Burrows, Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 092710 (November 27, 1996, Tierney, J.) ("Common law punitive damages [are] limited to attorneys's fees and [are] generally awarded if the actions of the parties were wilful, wanton or in reckless disregard of the rights of others.").
In count one, the plaintiff alleges a claim of negligence. Count one neither alleges that the defendant acted wilfully, wantonly or recklessly as is required to recover common law punitive damages, nor alleges that a contract or statute entitles the plaintiff to attorney's fees. Therefore the plaintiff cannot seek attorney's fees based upon count one.
Count two alleges a claim for statutory recklessness pursuant to § 14-295. Count two merely alleges that the defendant "deliberately and with reckless disregard" violated General Statutes §§ 14-218a and 14-222, and that these violations were a substantial factor in causing the plaintiff's injuries. While these allegations are sufficient to state a claim of statutory recklessness pursuant to § 14-295, they do not state a claim of CT Page 11541 common law recklessness[2] which would be necessary in order to support a claim for attorney's fees. Moreover, the plaintiff cannot seek attorney's fees pursuant to § 14-295 because § 14-295
does not provide for the recovery of attorney's fees.
Accordingly, the court grants the motion to strike as it pertains to the portion of the prayer for relief seeking attorney's fees.
DAVID W. SKOLNICK, JUDGE