[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 106
On May 2, 1997, the plaintiff, Stephen Turbak, filed a three count complaint against the defendants, Howard-Arnold, Inc. (Howard-Arnold) and Ron Ferrero. Count one alleges negligence. Count two alleges statutory recklessness under General Statutes §14-295. Count three alleges common law recklessness. The complaint alleges that on May 3, 1995, a motor vehicle owned by Howard-Arnold and operated by Ferrero struck the motor vehicle CT Page 11534 operated by the plaintiff. The plaintiff further alleges that he has suffered injuries as a result of this collision.
On July 14, 1997, the defendants filed a motion to strike counts two and three, the portion of the prayer for relief seeking double or treble damages pursuant to General Statutes §14-295, and the portion of the prayer seeking punitive damages.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corp. v. Potpourri, 39 Conn. Sup. 132, 133,471 A.2d 681 (1983); Practice Book § 152 (2).
A. Count Two The Prayer Seeking Double or Treble Damages
The defendants move to strike count two on the ground that a claim of recklessness cannot be established by relying upon the same facts used to establish a claim of negligence. The defendants also move to strike the corresponding prayer for double or treble damages provided for in § 14-295 on the ground that the plaintiff has failed to allege facts sufficient to support such damages. The plaintiff responds that count two, and the corresponding prayer, are legally sufficient.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
A split of authority exists in the Superior Court regarding CT Page 11535 the pleading requirements of § 14-295. Smith v. MitsubishiMotors, Superior Court, judicial district of New London at New London, Docket No. 535161 (January 17, 1996, Hurley, J.) Some courts have held that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead facts that would support a claim of recklessness at common law. Bravov. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.); Murray v.Krupa, Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995, Teller, J.); Pitkav. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.). Conversely, other courts have held that the plaintiff is only required to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in General Statutes § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. Nowitz v. JBHTransport, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); Smith v. Mitsubishi Motors, supra, Superior Court, Docket No. 535161; Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) ("[Section 14-295] does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness.")
This court has previously articulated its agreement with the latter line of cases. Degray v. Sullens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047978 (May 23, 1995, Skolnick, J.). Here, the plaintiff alleged that Ferrero deliberately or with reckless disregard operated the motor vehicle owned by Howard-Arnold in violation of General Statutes §§ 14-218a and 14-222, and that said violations were a substantial factor in causing the plaintiff's injuries. Therefore the plaintiff has sufficiently pleaded a statutory recklessness claim pursuant to § 14-295.
Accordingly, the defendants' motion to strike as it pertains to count two of the complaint and the corresponding prayer for relief seeking double or treble damages is denied.[1]
B. Count Three The Prayer for Punitive Damages
The defendant moves to strike count three, and the corresponding prayer for punitive damages, on the ground that CT Page 11536 count three fails to sufficiently state a claim for common law recklessness. The plaintiff responds that its allegations are legally sufficient.
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,539 A.2d 108 (1988). "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988).
"In certain actions of tort . . . punitive damages may be awarded. . . . [S]uch damages may not exceed the amount of expenses of litigation in the suit less taxable costs. . . . Punitive damages, applying the rule in this state as to torts, are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Collens v. New Haven Water Co., 155 Conn. 477,489, 234 A.2d 825 (1967). "Generally, attorney's fees may not be recovered, either as costs or damages, absent contractual or statutory authorization. . . . Attorney's fees may be awarded, however, as a component of punitive damages. . . . To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." (Citations omitted; internal quotation marks omitted.) Farrell v. Farrell, 36 Conn. App. 305, 311,650 A.2d 608 (1994); see Littas v. Burrows, Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 092710 (November 27, 1996, Tierney, J.). ("Common law punitive damages [are] limited to attorneys's fees and [are] generally CT Page 11537 awarded if the actions of the parties were wilful, wanton or in reckless disregard of the rights of others.").
Count three alleges that the defendants were aware that the vehicle operated by Ferrero and owned by Howard-Arnold was equipped with a defective braking system. Count three further alleges that despite this awareness, the defendants allowed such vehicle to be operated on public highways in reckless disregard of the rights and safety of others including the plaintiff. Therefore, the allegations of count three, when read in their most favorable light, sufficiently state a claim of recklessness.
Accordingly, the defendants' motion to strike as it pertains to count three and the corresponding prayer for punitive damages is denied.
DAVID W. SKOLNICK, JUDGE