[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#112)
 I. BACKGROUND
The plaintiff, Cheryl Walters, filed a three count amended complaint on May 14, 1999[1] against the defendants, Peter R. Tanner, American States Insurance Company[2] and the Insurance Commissioner for the State of Connecticut, arising out of injuries that the plaintiff sustained as a result of an automobile accident which occurred on August 10, 1998. For purposes of the present motion to strike, only count two of the plaintiffs complaint, as well as the prayer for relief, are relevant.
In count two, the plaintiff alleges that on August 10, 1998, she was driving westbound on Route 156 in Waterford, Connecticut. The complaint further alleges that when the plaintiff brought her vehicle to a stop and signaled her intention to make a left turn, the defendant suddenly and without warning struck her vehicle in the rear, resulting in permanent and disabling injuries to the plaintiff. Count two specifically alleges that the collision and the resulting injuries were directly and proximately caused by the recklessness and wanton misconduct of the defendant, in that he violated General Statutes §§ 14-240, 14-218(a) and 14-222
when operating said motor vehicle. The prayer for relief seeks money damages, double or treble damages pursuant to § 14-295, attorney's fees and punitive damages.
On May 17, 1999, the defendant Tanner filed a motion to CT Page 15147 strike count two and paragraphs two, three and four of the prayer for relief. The court (Hurley, J.) denied the defendant's motion to strike on June 4, 1999. The defendant subsequently filed a motion for reconsideration on June 21, 1999, which the court (Hurley, J.) granted on June 22, 1999. The plaintiff then filed an objection to the defendant's motion to strike on July 16, 1999.
 II. DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Id.
A motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Practice Book §10-39(a)(2). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998).
As previously stated, the plaintiff alleges in count two that the automobile collision and the injuries and damages to the plaintiff resulting therefrom were directly and proximately caused by the recklessness and wanton misconduct on the part of the defendant. Although not specifically pleaded in the second count, the prayer for relief indicates that the plaintiff is alleging a cause of action for common law recklessness and/or recklessness pursuant to § 14-295. In addition to money damages, a portion of the plaintiff's prayer for relief seeks double and treble damages, attorney's fees and punitive damages.
The defendant moves to strike count two on the ground that it fails to allege facts to support a claim for recklessness or wanton misconduct. The defendant also moves to strike the portions of the prayer for relief seeking multiple damages, attorney's fees and punitive damages, since they are premised on CT Page 15148 the second count of the complaint, and since the plaintiff has not alleged any other statutory, contractual or other basis for such relief. In opposition, the plaintiff claims that she has alleged facts sufficient to support a claim for recklessness.
 A. Requirements of Pleading Common Law Recklessness
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.)Coble v. Maloney, 34 Conn. App. 655, 670, 643 A.2d 277 (1994). "[A] complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Warner v. Leslie-Elliot Constructors,Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984). "To raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendants." Id., 139.
It is generally true that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct be merely nomenclature." Castrovillari v. Bourse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.). Moreover, "[a] plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence."Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987);Just v. Aparo, Superior Court, judicial district of Middletown, Docket No. 065339 (April 23, 1993, Higgins, J.) (8 C.S.C.R. 542, 543); Knoblauch v. Atlantic Ventilating and Equipment Co., Inc., CT Page 15149 Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524505 (October 25, 1993, Corradino, J.) (10 Conn. L. Rptr. 275, 276). "Some additional factual allegations are necessary to alter the nature of conduct complained of from an action for negligence to action for wilful and wanton conduct." Just v. Aparo, supra, 8 C.S.C.R. 543; Knoblauch v.Atlantic Ventilating and Equipment Co., Inc., supra,10 Conn. L. Rptr. 276. "If the plaintiff merely reiterates the facts from the negligence count and inserts the word "reckless,' a motion to strike is properly granted." Siegel v. Howell, Superior Court, judicial district of New Haven, Docket No. 409394 (February 11, 1999, Moran, J.). If, however, the factual allegations in the negligence count are detailed and specific enough to support a claim of recklessness, the motion to strike may be denied. SeeAdams v. Champagne, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 0611 54 (May 27, 1998,Corradino, J.) (22 Conn. L. Rptr. 241, 242).
In the present case, the plaintiff alleges in count one that her injuries and damages were due to the negligent conduct of the defendant. In count two, the plaintiff reiterates the same set of facts and alleges that her injuries and damages were due to the reckless conduct of the defendant. Specifically, the plaintiff alleges that the defendant was reckless for striking her car in the rear without warning in that he: (1) violated § 14-240 by following the vehicle in front of him more closely than was reasonable and prudent under the circumstances then existing; (2) violated § 10-218 (a) by operating said motor vehicle at an unreasonable rate of speed having due regard to the width, traffic and use of said highway and the weather conditions; and (3) violated § 14-222 by operating said motor vehicle in a reckless and dangerous manner. The only substantive difference between counts one and two is that count two contains the additional alleged violation of § 14-222. There are no additional facts alleged in count two purporting to show exactly how the defendant was reckless. Moreover, the facts as alleged do not rise to the level required to plead a cause of action for recklessness. "To state a claim of recklessness . . . the [plaintiff] must allege facts demonstrating both egregious conduct and the requisite state of mind." Avila v. Mailly,
Superior Court, judicial district of New Britain, Docket No. 489051 (March 25, 1999, Robinson, J.). Here, the allegations do not meet the level of egregiousness or wantonness necessary to support a recklessness claim. The defendant's motion to strike the plaintiff's common law cause of action for recklessness is, CT Page 15150 therefore, granted.
 B. Requirements of Pleading Recklessness Pursuant to § 14-295
Although not specifically pleaded in count two, the plaintiff seeks multiple damages pursuant to § 14-295. Section 14-295
provides, in pertinent part: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." General Statutes §14-295. The defendant moves to strike this claim on the ground that the plaintiff has failed to sufficiently allege facts to support a claim for recklessness pursuant to § 14-295.
Neither Connecticut Appellate Court has addressed the issue of whether a plaintiff must plead facts supporting a claim of reckless conduct in addition to pleading one of the specific violations to which General Statutes § 14-295 refers. A split of authority exists among the judges of the Superior Court regarding the pleading requirements of § 14-295. In the first line of cases, courts have interpreted § 14-295 to require more than simply pleading that the defendant has violated one of the statutory sections enumerated in § 14-295. These cases hold that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead specific facts supporting a cause of action in recklessness at common law. See e.g., Kelly v. Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998,Maiocco, J.); Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.);Murray v. Krupa, Superior Court, judicial district of New London at Norwich, Docket No. 107223 (October 2, 1995, Teller, J.);Prince v. Gilling, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531397 (March 20, 1995, Hale, J.); Pitka v. Ullrich, Superior Court, judicial district of New London at New London, 530000 (November 16, 1994,Austin, J.) (13 Conn. L. Rptr. 32); Jimenez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket CT Page 15151 No. 137265 (November 8, 1994, Lewis, J.). These cases maintain that "when a complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon." Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.).
The second line of cases interpret the language of §14-295 quite literally, and hold that a plaintiff need only allege that the defendant deliberately or with reckless disregard violated one of the statutes enumerated in § 14-295, and that such violation was a substantial factor in causing the plaintiff's injuries. See e.g., Hamblett v. Chagnon, Superior Court, judicial district of New London at New London, Docket No. 114548 (March 18, 1999, Mihalakos, J.); Motta v. Goodrich, Superior Court, judicial district of New Britain, Docket No. 487678 (November 25, 1998, Robinson, J.); Redman v. Rosa, Superior Court, judicial district of Hartford, Docket No. 579596 (October 29, 1998, Peck, J.) (4 Conn. Ops. 1383); Kosloski v.Janiak, Superior Court, judicial district of New Haven at New Haven, Docket No. 403724 (February 6, 1998, Zoarski, J. TrialReferee); Alton v. Davey, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346089 (February 2, 1998,Skolnick, J.); Price v. Paccar Leasing Corp. , Superior Court, judicial district of New London at New London, Docket No. 538888 (February 19, 1997, Booth, J.). This line of cases represents the modern trend.
"When language used by [the] legislature is plain and unambiguous, there is no room for construction by the courts, and the statute will be applied as its words direct. . . . The plain language of section 14-295 favors the more liberal pleading requirements . . ." (Internal quotation marks omitted.) Motta v.Goodrich, supra, Superior Court, Docket No. 487678; Asmore v.O'Hanlon, Superior Court, judicial district of Waterbury, Docket No. 144299 (May 7, 1998, Kulawiz, J.).
This court has previously aligned itself with the second line of cases, which require only that a plaintiff allege that the defendant deliberately or with reckless disregard operated a motor vehicle in violation of any of the statutes enumerated in § 14-295, and that the violation was a substantial factor in causing the plaintiff's injuries. See e.g., Diaz v. Diaz, Superior Court, judicial district of New London at New London, Docket No. 542469 (February 3, 1998, Martin, J.). In the present CT Page 15152 case, however, the plaintiff has not alleged enough facts to support a cause of action even under the more liberal pleading requirements of § 14-295. The plaintiff simply alleges that the automobile collision and the injuries and damages to the plaintiff resulting therefrom were directly and proximately caused by the recklessness and wanton misconduct on the part of the defendant. Additionally, the plaintiff alleges that the defendant was reckless in that he: (1) violated § 14-240 by following the vehicle in front of him more closely than was reasonable and prudent under the circumstances then existing; (2) violated § 14-218 (a) by operating said motor vehicle at an unreasonable rate of speed having due regard to the width, traffic and use of said highway and the weather conditions; and (3) violated § 14-222 by operating said motor vehicle in a reckless and dangerous manner. Even under the second line of cases favoring a more liberal pleading requirement pursuant to § 14-295, however, the plaintiff's claim must fail.
The plaintiff has failed to allege at a minimum that the defendant acted "deliberately" or with "reckless disregard" when violating §§ 14-220, 14-218a and 14-222. More importantly, the plaintiff has not alleged that the recklessness and/or wanton misconduct of the defendant was a "substantial factor" in causing the injuries and damages that she allegedly sustained. Since the plaintiff has failed to comply with the minimum statutory language requirements of pleading pursuant to § 14-295, the defendant's motion to strike count two and the corresponding portion of the prayer for relief is also granted.
 C. Attorney's Fees and Punitive Damages
Lastly, a portion of the plaintiff's prayer for relief seeks attorney's fees and punitive damages for the alleged negligent and reckless misconduct of the defendant. "It is well settled that the decision to award attorneys fees and other costs rests solely with the trial court." Labenski v. Goldberg,41 Conn. App. 866, 871, 678 A.2d 496, cert. denied, 239 Conn. 910,682 A.2d 1002 (1996). "It is [also] well entrenched in our jurisprudence that Connecticut adheres to the American rule. . . . Under the American rule, a party cannot recover attorneys' fees in the absence of statutory authority or contractual provision. . . ." (Citations omitted.) Doe v. State, 21 6 Conn. 85, 106,579 A.2d 37 (1990); see also Marsh, Day Calhoun v. Solomon,204 Conn. 639, 652, 529 A.2d 702 (1987). "[A] prevailing litigant ordinarily is not entitled to collect a reasonable attorney's fee CT Page 15153 from the opposing party as part of his or her damages or costs . . . ." Matyas v. Minck, 37 Conn. App. 321, 335,655 A.2d 1155 (1995).
In the present case, the plaintiff has not alleged the application of statutory, contractual or any other reasonable basis for this court to award her attorney's fees. As such, the plaintiff's prayer for relief seeking attorney's fees is stricken.
The plaintiff's prayer for relief also seeks an award of punitive damages. "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought."Markey v. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305 (1985);Farrell v. Farrell, 36 Conn. App. 305, 311, 650 A.2d 608 (1994). "[I]n order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Berry v.Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992). This court has determined that the allegations in count two fail to sufficiently state a cause of action for either common law recklessness or recklessness pursuant to § 14-295. The allegations are equally insufficient to justify a claim for punitive damages. As such, the prayer for relief seeking punitive damages is also stricken.
 III. CONCLUSION
This court concludes that the allegations as stated in count two fail to sufficiently state a cause of action for either common law recklessness or recklessness pursuant to § 14-295. As such, the defendant's motion to strike count two and the prayer for relief seeking multiple damages under § 14-295 is granted. Additionally, the plaintiff has not alleged an independent basis for the recovery of attorney's fees. Since there is no apparent statutory, contractual or other justified basis upon which to grant attorney's fees, the plaintiff's prayer for relief seeking attorney's fees is also stricken. Finally, since the facts as alleged in count two fail to state a claim for common law recklessness, they also fail to support an award for punitive damages. As a result, the plaintiff's prayer for relief seeking punitive damages must also be stricken. For the foregoing CT Page 15154 reasons, the defendant's motion to strike is granted.
Martin, J.