[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY
This civil action is a legal malpractice case commenced by a cross claim dated October 2, 2000, against Peter Shafran by Peter Anderson, Sr., Doris Anderson and Peter Anderson, Jr. The complaint alleges that Shafran represented the Andersons in a personal injury action pertaining to injuries they sustained in a motor vehicle accident that occurred on July 31, 1994.[1] The Andersons contended that they owed Nexclaim Technologies, Inc. (Nexclaim) approximately $72,000 as reimbursement for insured medical expenses. They further alleged that Shafran "acknowledged that the State of Connecticut's health plan and Nexclaim Technologies, Inc. as their administration had a direct subrogation right in the claim and they could expect full repayment of all monies once the claim has been settled."[2] (Cross claim ¶ 7.)
On or about June 9, 1999, the civil action arising out of the motor vehicle accident was resolved by payment of $72,500 to the Andersons by the tortfeasor. The settlement occurred as a result of a judicial pretrial. The Andersons approved the settlement figure. Shafran withheld $16,302 from this amount and placed it in escrow account to pay medical claims. Shafran did not inform the Andersons of the insurance lien at the time that they agreed to the settlement. The Andersons allege in their cross claim that they "would certainly not have settled the lawsuit if . . . Shafran disclosed to them the true facts "of the settlement" and "[b]ecause of his breach of duty . . . and his negligence in processing the lien of [Nexclaim] he has caused . . . the Anderson[s] to be subject to great monetary loss." (Cross claim ¶¶ 14, 15.)
Nexclaim through motion dated October 5, 2000, moved the court to default Shafran for failure to file a responsive pleading to its July 17, 2000 complaint. This motion was granted by the court on October 6, 2000. Thereafter, on October 12, 2001, the court entered a default CT Page 12331 against Shafran on the Andersons' cross claim for his failure to appear at a pretrial.
On March 18, 2002, a hearing in damages was held on the cross claim. The court received the sworn testimony of Peter Anderson, Sr. and several exhibits were introduced into evidence. Shafran did not appear at the hearing in damages. Following the hearing, counsel for Andersons filed a post trial brief, dated April 26, 2002.
 II DISCUSSION
A. The Effect of the Default
On October 12, 2001, the court entered a default against Shafran on the Andersons' cross claim for his failure to appear at a pretrial. Pursuant to Practice Book § 17-42 "[a] motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose." Shafran has not moved the court to set aside the default. As a result of his default, Shafran is precluded from making any defense as to liability for the cause of action alleged in the cross claim complaint. Practice Book § 17-33
(b).
Finally, "[p]ursuant to [Practice Book § 17-34], a defaulted defendant who files a timely notice of defenses can contradict the allegations of the complaint and prove matters of defense in addition to contesting the amount of damages." Whalen v. Ives, 37 Conn. App. 7, 20,654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995) "In order to obtain this extraordinary relief, the defendant must act within ten days of notice of a default in all actions where there may be a hearing in damages . . . Practice Book § [17-35]. A party who allows the ten day period from the notice of a default to expire without filing a notice of defenses does so at his peril." (Internal quotation marks omitted.) Id. Shafran has failed to even take advantage of this last opportunity to contest the plaintiffs' claims.
Shafran was defaulted for his failure to appear at a pretrial to be held on October 12, 2001. He has not taken any action to set aside the courts entry of default. The consequences that flow from the default are the result of his own inaction over a lengthy period of time for which he is solely responsible. Accordingly, this court will proceed to determine the amount of damages. CT Page 12332
B. The Andersons' Claim for Compensatory Damages
A plaintiff who establishes tort liability is entitled to fair, just and reasonable compensation for his injuries. See Herb v. Kerr,190 Conn. 136, 139 (1983). "That damages may be difficult to assess is, in itself, insufficient reason for refusing them once the right to damages has been established." Griffin v. Nationwide Moving StorageCo., 187 Conn. 405, 420 (1982). "To authorize a recovery of more than nominal damages, facts must exist and be shown by the evidence which affords a reasonable basis for measuring the [plaintiffs'] loss. The [plaintiff has] the burden of proving the nature and extent of the loss. Mathematical exactitude in the proof of damages is often impossible, but the plaintiff must nevertheless provide sufficient evidence for the trier of fact to make a fair and reasonable estimate." Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 58
(1998). The plaintiff must prove that a claimed element of damages was proximately caused by the defendant's negligence. The court cannot guess or speculate as to the nature or extent of the plaintiffs' losses. Burkev. West Hartford, 147 Conn. 149, 151, 157 (1960). Any award of damages must be based upon reasonable probabilities in light of the evidence presented at trial.
At the time of trial, the court was informed that Nexclaim had withdrawn its suit against the Andersons. The court was advised that Nexclaim had substantially compromised their initial claim for reimbursement, ($72,500) and accepted the $16,302 being held in escrow as full settlement of its claims.
The plaintiffs' seek compensatory damages for the remaining balance of unpaid medical bills, lost wages, travel expenses, court appearances, legal expenses, mental anguish, expenses related to the sale of their home in Connecticut and purchase of a home in Virginia and damages for the alleged negative impact upon their credit rating. The total amount of damages demanded is $5,000,000. (Post trial brief pp. 2-3.)
The court having evaluated the credible evidence presented at trial finds that there remains outstanding $17,203.88 in unpaid medical expenses. The Andersons have sustained their burden of proof on this claimed element of damages. Accordingly, the court awards these damages. The court has determined that the payment of this sum in conjunction with the significant compromise settlement of the Nexclaim matter effectively places the Andersons in a financial position where they would have been at the time of the negotiated settlement but for the negligence of Shafran.
The court finds that the Andersons have not sustained their burden of CT Page 12333 proving entitlement to the remaining claims for damages. The credible evidence presented to the court does not sufficiently establish that the Andersons as are entitled to the remaining damages they are seeking.
Finally, regarding the claim for attorney's fees, "[glenerally, attorney's fees may not be recovered, either as costs or damages, absent contractual or statutory authorization . . . Attorney's fees may be awarded, however, as a component of punitive damages. (Citations omitted.) Farrell v. Farrell, 36 Conn. App. 305, 311 (1994). "Common law punitive damages cannot exceed the plaintiffs expenses of litigation, less his taxable costs. . . . Litigation expenses may include not only reasonable attorney's fees, but also any other nontaxable disbursements reasonably necessary to prosecuting the action." (Citations omitted.)Berry v. Loiseau, 223 Conn. 786, 832 (1992). "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Farrell v. Farrell, supra, 36 Conn. App. 311.
In this matter neither the pleadings or the evidence demonstrates wanton or wilful malicious misconduct, therefore, the court declines to award attorney's fees to the Andersons.
 III CONCLUSION
The Andersons have sustained their burden of proving damages in the total amount of $17,203.88. The court awards $17,203.88 in damages, plus costs.
BY THE COURT
 _______________________________ Peter Emmett Wiese, Judge