[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On July 28, 2000, the plaintiff, Paul D. West, filed a six count revised complaint against the defendant, Richard A. Matza. The plaintiff alleges breach of contract, fraudulent misrepresentations, innocent misrepresentations, negligent misrepresentations, violation of the Uniform Fraudulent Transfer Act ("UFTA"), General Statutes § 52-552
et seq., and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq.
The plaintiff alleges that on January 10, 1986, the defendant and the plaintiff entered into a ten year commercial lease, whereby the plaintiff agreed to lease the subject premises to the defendant from 1986 to 1996. The plaintiff alleges that the defendant violated the lease agreement when he ceased paying rent on or about June 19, 1989, and subsequently abandoned the premises. On August 1, 1991, the plaintiff began to lease the subject premises to another party in order to mitigate his damages.
The plaintiff alleges that in 1997 and 1998, the plaintiff met with the defendant on a few occasions to attempt to collect the money that the defendant owed him from his alleged breach of the lease. The plaintiff alleges that during these meetings the defendant indicated that he was unable to pay the plaintiff the money he owed him from their lease agreement. The plaintiff alleges, however, that the defendant's statements concerning his inability to pay creditors such as the plaintiff were false, and that the defendant had hidden his assets to avoid his creditors. CT Page 3660
On September 25, 2000, the defendant filed a motion to strike along with an accompanying memorandum of law, requesting that the court strike counts two through six and the plaintiff's prayers for attorney's fees, and exemplary damages.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859,733 A.2d 869 (1999). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
The defendant argues that counts two through six should be stricken because the statute of limitations has expired on count one, breach of contract, which is the underlying claim against the defendant. Specifically, the defendant argues that the counts for fraudulent misrepresentation, innocent misrepresentation, and negligent misrepresentation are legally insufficient, "[s]ince the plaintiff's right to pursue the underlying cause of action expired at least two years before the alleged misrepresentations, any statement concerning the plaintiff's chances of collecting the time-barred claim is immaterial," and "could not have logically have been made to induce the plaintiff to act or to refrain from acting."
In his reply, the plaintiff argues that the motion to strike is not the proper procedural mechanism to raise the statute of limitations defense. The plaintiff argues that because the defendant's entire motion is premised on the running of the statute of limitations, the court should deny the motion.
This court has not been asked to determine the issue of whether the statute of limitations has expired on the plaintiff's breach of contract claim as alleged in count one of the complaint. As a result, the plaintiff's breach of contract action is still viable. Accordingly, all of the defendant's arguments for striking counts two through six, based upon the viability of count one, are premature and improper at this junction CT Page 3661 of the proceedings.
Moreover, "[A] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Girard v. Weiss, supra, 43 Conn. App. 415. "[T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or acknowledgment. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citation omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235,239, 624 A.2d 389 (1993).
There are two exceptions, however, where the court may consider the statute of limitations in a motion to strike. Id. "If all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted, a motion to strike would be allowed." Id.
In this case, all of the facts pertinent to the statute of limitation are not plead or agreed to. Accordingly, the motion to strike counts two through six on statute of limitations grounds is denied.
The defendant next argues that the innocent representation claim contained in count three, is legally insufficient because even if the defendant did make false statements to the plaintiff, the plaintiff fails to allege that the statements were made as part of a transaction to induce the plaintiff to act. "A person is subject to liability for an innocent misrepresentation if in a sale, rental or exchange transaction with another, [he or she] makes a representation of a material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it . . . even though it is not made fraudulently or negligently." (Internal quotation marks omitted.) Gibson v. Capano,241 Conn. 725, 730, 699 A.2d 68 (1997) Reviewing the allegations in a light most favorable to the plaintiff, the court finds that he has plead sufficient facts to support a claim for innocent misrepresentation. Accordingly, the motion to strike count three is denied.
The defendant also argues that the negligent misrepresentation claim set forth in count four, is legally insufficient because the alleged misstatements did not occur as part of a business transaction. Negligent misrepresentation is where "[o]ne who, in the course of his [or her] business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to CT Page 3662 liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he [or she] fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) Beverly Hills Concepts, Inc. v. Schatz AndSchatz, 247 Conn. 48, 57, 717 A.2d 724 (1998); D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 218, 520 A.2d 217
(1987). The plaintiff has sufficiently alleged a cause of action for negligent misrepresentation because the false statements alleged in the revised complaint concern the plaintiff's business transactions with the defendant, and his right to pursue payment from their previous dealings. Accordingly, the defendant's motion to strike count four, is denied on those grounds also.
The defendant next argues that count five, violation of the UFTA, is legally insufficient arguing that the last date that such a claim could have been brought was by June 17, 1999, and the plaintiff did not bring this claim until March 7, 2000.
General Statutes § 52-552e provides: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made or the obligation was incurred and if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay or defraud any creditor of the debtor. . . . "General Statutes § 52-552j provides that an action under 52-552e must be brought within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."
The court cannot consider the statute of limitations issue for count five because in reviewing the revised complaint, it is impossible to determine when the alleged cause of action commenced. See BridgewaysCommunications Corp. v. Time Warner, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050619 (September 4, 1998, Flynn, J.) (denying motion to strike because the court was unable to determine when the limitations commenced).
In the revised complaint, the plaintiff alleges that the defendant fraudulently transferred assets after he incurred a debt to the plaintiff in an attempt to conceal the assets from the plaintiff, but the plaintiff does not allege exact dates or even years of when this alleged transfer occurred. Therefore, the motion to strike count five is denied.
The defendant next argues that paragraph three of the plaintiff's prayer for relief, requesting exemplary damages, should be stricken because the plaintiff fails to allege facts to support willful and wanton CT Page 3663 behavior. "To furnish a basis for recovery of [exemplary] damages, the pleadings must allege . . . wanton or willful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. . . . A willful and malicious injury is one inflicted intentionally without just cause or excuse. . . ." Markey v. Santangelo,195 Conn. 76, 77, 485 A.2d 1305 (1985); see also Farrell v. Farrell,36 Conn. App. 305, 311, 650 A.2d 608 (1994). The defendant's motion to strike the prayer for exemplary damages is denied because the plaintiff has alleged sufficient facts, including facts that support fraudulent behavior, that could be construed as willful and wanton behavior.
The defendant also argues that the court should strike paragraph four of the plaintiff's prayer for attorney's fees on the ground that there are no factual allegations indicating that attorney's fees were part of the lease agreement. The motion to strike paragraph four is denied because the plaintiff clearly alleges in paragraph six of his revised complaint that the terms of the lease between he and the defendant "provided that should tenant default under the lease, tenant would pay all costs of collection, eviction, attorney's fees, amounts owed and interest."
For the foregoing reasons, the motion to strike counts two, three, four, five, and six, and the motion to strike the prayer for attorney's fees and exemplary damages is denied.
CHASE T. ROGERS, J