[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
As a result of injuries allegedly suffered in an automobile accident the plaintiffs have sued the defendant. Two of the counts allege negligence and each of the plaintiffs also allege recklessness in the third and fourth counts. The defendant has moved to strike the latter counts claiming that "nowhere in the complaint are there sufficient facts to permit relief under Connecticut General Statutes § 14-295" which provides for double or treble damages for the violation of various statutes including § 14-218 (a) (speeding), §14-219 (speeding), and § 14-222 (reckless driving).
In deciding a motion to strike the court must afford the most favorable inferences to a complaint whose legal sufficiency is being questioned.
The negligence counts here each allege common law speeding, failure to keep a proper lookout, passing on the right in violation of § 14-233 of the general statutes and in violation of a common law duty of care, and common law allegations of traveling in the breakdown lane, failure to merge with other traffic in the traveled portion of the highway, failure to keep proper control of the vehicle so as to turn right or left to avoid a collision. The factual allegations on which these claims are based involve a situation where it is stated that the plaintiffs vehicle was proceeding southbound onto a Kerema Avenue from its intersection with U.S. Route 1. Northbound traffic was stopped due to heavy traffic or because of traffic control signals. The defendant allegedly proceeded northbound in the breakdown lane (shoulder area) passing stopped vehicles on the right and went into the intersection striking the plaintiffs vehicle.
The reckless counts make the same factual allegations but claim the accident was caused by the "deliberate or reckless disregard" of the defendant because he was traveling at a rate of speed in violation of § 14-218 (a), was speeding in violation of § 14-219, drove recklessly in common law terms and also in violation of § 14-222 of the general statutes.
It is true that no "new facts" are alleged in the reckless CT Page 1744 counts. In support of his motion to strike the defendant cites cases which stand for the proposition that where a negligence count is advanced, if no "new facts" are alleged to support the reckless count that claim must be stricken Varlese v. Beers, 3 CONN. L. RPTR. 474 (1991), Anderson et al v. Ansaldi et al, 8 CONN. L. RPTR. 242 (1993), Pitka v. Ullrich, 13 CONN. L. RPTR. 1 (1995). The defendant quotes from Pitka to the effect that the complaint must use language "explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on . . . Simply using the word "reckless" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The plaintiff on the other hand relies on a literal reading of Section 14-295. That statute says double or treble damages may be awarded "if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation" of the series of statutes which are then enumerated. Statutory law is said to override common law and the statute nowhere requires "additional fact pleading" only the specific pleading referred to in the statute of deliberate and reckless disregard. The plaintiff argues that the legislative history of § 14-295 "makes clear" that the statutory violations listed in § 14-295 involve statutes because that "typically" involves greater danger to the public.
The plaintiff's argument is somewhat conclusory and circular. The legislature must be presumed to know that this is a fact pleading state. Section 14-295 does not simply say that if you violate §§ 14-218 (a), 14-219 et cetera that is a violation of this statute. The statute says you have to violate these statutes "deliberately or with reckless disregard" — what's that mean? Why would the common law objectives of fair notice sought to be imparted by our rules of fact pleading be any less operative for this statute than for any other claim statutory or at common law?
The court will not grant the defendant's motion to strike but does not rely on the plaintiffs analysis. The court concludes the factual allegations in the negligence count in fact support a claim of reckless conduct — this defendant is accused of passing stopped cars on the right at a high rate of speed and driving into an intersection colliding with the plaintiffs car. Not only would the defendant's view of cars entering the intersection be blocked due to the fact he was passing on the CT Page 1745 right but the operator of a vehicle in the plaintiffs position would have had no reason to suspect the defendant's precipitous entry into the intersection and would have had difficulty in observing any car about to engage in such a reckless maneuver. Whether all the factual embroidery just mentioned is appropriate the fact remains that the court concludes that driving into an intersection over the speed limit traveling on the shoulder and passing on the right stopped traffic properly raises a supportable inference of reckless driving at common law and in violation of Section 14-222.
That being the case there is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts causes of action arising out of those same facts alleging recklessness, cf. Knapp v. Walker,73 Conn. 459, 461 (1900). As our Supreme Court has said reckless conduct is an "aggravated form of negligence." Dubay v. Irish,207 Conn. 518, 534 (1988), footnote 10. An "extreme departure from ordinary care" is involved. W. Prosser W. Keaton, Torts (5th Ed.) § 34, p. 214 — that is a definition of reckless conduct, but included in that definition is a claimed departure from ordinary care which forms the basis of a negligence claim.
So we do not have here a repetition in a reckless conduct count facts set forth in a negligence claim which cannot support a reckless claim and merely pin a different label on what is essentially a negligence theory. We have a negligence count which sets forth facts that support a negligence claim but could also support a reckless conduct theory of action.
The motion to strike is denied.
CORRADINO, J.
CT Page 1992