[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 11, 2000, the plaintiff; Jose Flores, filed this action in Putnam Superior Court against the defendant, Gildardo Viveros-Velazquez, seeking relief for damages and injuries he sustained, on September 17, 1998, when his vehicle allegedly was struck in the rear by a vehicle owned and operated by the defendant. The complaint contains two counts. Count one sounds in negligence, and count two sounds in recklessness.
On October 12, 2000, the defendant filed a motion to strike the second count of the plaintiff's complaint on the ground that it fails to state a sufficient claim for recklessness, pursuant to General Statutes §14-295,[1] and it fails to meet the standard for the imposition of punitive damages. In accordance with Practice Book § 10-42,[2] the defendant filed a memorandum in support of his motion. The plaintiff; however, failed to file a memorandum in opposition, choosing, rather, on October 26, 2000, to file a request for leave to amend his complaint. The defendant has not objected to the plaintiff's request to amend.
Practice Book § 10-60 provides, in relevant part: "(a) [A] party may amend his or her pleadings . . . at any time . . . (3) [b]y filing a request for leave to file such amendment, with the amendment appended. . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party."
Regarding a request to amend filed in response to a motion to strike, "[w]hen a motion to strike is pending, the party whose pleading is being attacked may not file an amended complaint to cure defects raised by the motion [to strike]." (Internal quotation marks omitted.) Harris v.Clinton, Superior Court, judicial district of Middlesex at Middletown, Docket No. 090095 (May 4, 2000, Gordon, J.), quoting DilettanteEnterprises v. Metro Realty Group, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 445207 (February 27, 1992, Sheldon, J.) (6 Conn.L.Rptr. 137); see also Jordan v. Sabourin, Superior Court, judicial district of New London at New London, Docket No. 537041 (November 22, 1996, Hurley, J.T.R.). Nevertheless, "[t]he defendant is deemed to consent to the amendment . . . by failing to CT Page 14456 timely object to the request to amend." Id., citing Practice Book § 176 [now 10-60]. "In such situations, the rules of practice provide that pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading. Practice Book § 177 [now § 10-61. Under this analysis, a motion to strike is regarded as applicable to an amended complaint filed in response thereto. Garrity v. Town of Prospect, [Superior Court, judicial district of Waterbury, Docket No. 088290 (August 23, 1994, Sylvester, J.) (12 Conn.L.Rptr. 333)]; Marczak v. Aetna Casualty Surety Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 345211 (August 19, 1993, Zoarski, J.)." Id.; see also Jordan v. Sabourin, supra, Superior Court, Docket No. 537041.
Accordingly, the court will look to the amended complaint in considering the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
"`[T]he filing of a memorandum in opposition to a motion to strike is mandatory, and the failure to file such may still serve as a ground for granting a motion to strike.' Collins v. Milford Health Care, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 046662 (July 17, 1995, Comerford, J.) (14 Conn.L.Rptr. 486). Thus a `court could grant the motion to strike on the ground that the [plaintiff] failed to file an opposing memorandum of law.' Centerbank v. GRIInvestment Co., Superior Court, judicial district of Waterbury, Docket No. 117702 (May, 12, 1994, Sylvester, J)." Finnucane v. Dandio, Superior Court, judicial district of New Haven at New Haven, Docket No. 366182 (May 28, 1997, Gray, J.). When a plaintiff fails to file an opposing memorandum, however, the court, in its discretion, may still address the merits of the motion. See id., citing Honan v. Chamberlain, Superior Court, judicial district of Danbury, Docket No. 313387 (August 12, 1994,Mihalakos, J.). The court, in this instance, will exercise its discretion and address the merits of the defendant's motion to strike as it applies CT Page 14457 to the amended complaint.
The defendant argues, in his motion to strike, that count two of the plaintiff's complaint fails to set forth sufficient factual allegations to support a claim of recklessness. "The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence. See McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999,Devlin, J.); Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold J.); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon,J.); Reed v. Sesta, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.);Adams v. Champagne, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn. L. Rptr. 241);Cloutier v. Meinerth, Superior Court, judicial district of Danbury, Docket No. 329940 (February 25, 1998, Moraghan, J.); Kelly v.Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998, Maiocco, J.).
"The majority point of view, on the other hand, is that a plaintiff; in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries. See Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.); Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.); Mediate v. Desaavedra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360768 (June 22, 1999, Skolnick,J.); Nelson-Hlebogiannis v. Lee, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167571 (May 17, 1999, Hiller,J.); Silva v. Bergen, Superior Court, judicial district of New Haven at New Haven, Docket No. 416499 (April 16, 1999, Jones, J.); Hamblett v.Chagnon, Superior Court, judicial district of New London at New London, Docket No. 114548 (March 18, 1999, Mihalakos, J.); Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.); Fusco v. Gillian, Superior Court, CT Page 14458 judicial district of New Britain, Docket No. 489624 (November 25, 1998,Robinson, J.); Redman v. Rosa, Superior Court, judicial district of Hartford at Hartford, Docket No. 579596 (October 29, 1998, Peck J.);Guerrera v. Hamzi, Superior Court, judicial district of Waterbury, Docket No. 136344 (May 7, 1998, Kulawiz, J.); Godfrend v. Sabilia, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162727 (April 29, 1998, D'Andrea, J.); Kosloski v. Janiak, Superior Court, judicial district of New Haven at New Haven, Docket No. 403724 (February 6, 1998, Zoarski, J.); Diaz v. Diaz, Superior Court, judicial district of New London at New London, Docket No. 542469 (February 3, 1998, Martin, J.)." Torres v. Jacovino, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150549 (May 12, 2000, Doherty,J.).
Although the court recognizes this distinct split in authority, it need not decide which of these views is more persuasive in this instance. The plaintiff; in his revised complaint, has set forth additional factual allegations to support his claim of recklessness. Count two now includes specific allegations that the plaintiff had been drinking alcoholic beverages, that others warned him not to drive because he had too much to drink, that he knew he was intoxicated and should not be driving but did so anyway, and that he was in violation of General Statutes § 14-227a, entitled, "Operation while under the influence of liquor or drug or while impaired by liquor." The complaint also alleges that the defendant's violation of General Statutes § 14-227a caused the plaintiff's damages and injuries.
Accordingly, the court finds that the plaintiff has sufficiently plead a cause of action in recklessness pursuant to the requirements of General Statutes § 14-295. The defendant's motion to strike is, therefore, denied.
Foley, J.