[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
On March 22, 2001, the plaintiff, Martha R. Main, filed a three-count complaint against the defendants, Jesse S. McCullogh, James McCullogh and Janice McCullogh, seeking damages for personal injuries she allegedly sustained as the result of an automobile accident. The complaint alleges that while driving a car owned by James and Janice McCullogh, Jesse McCullogh entered a lane of travel from a private driveway thereby causing the plaintiff's vehicle to collide with him. In counts one and three, the plaintiff alleges negligence and recklessness, respectively, as to Jesse McCullogh, and in count two, the plaintiff alleges negligence as to James and Janice McCullogh. In her prayer for relief, the plaintiff requests double or treble damages under count three based on Jesse McCullogh's violations of General Statutes § 14-295.
On May 9, 2001, the defendants filed a motion to strike count three of the complaint and its corresponding prayer for relief seeking double or treble damages, arguing that the plaintiff fails to state a sufficient cause of action for recklessness under § 14-295. On May 14, 2001, the plaintiff filed a timely objection to the defendants' motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
In their motion to strike, the defendants argue that count three of the CT Page 12850 complaint fails to set forth sufficient allegations of conduct that constitutes reckless behavior under the requirements of § 14-295. The defendants argue that count three merely restates the negligence allegations set forth in count one and adds the words "deliberately and reckless." In her objection to the motion to strike, however, the plaintiff argues that she has sufficiently pleaded a cause of action sounding in recklessness pursuant to the requirements of § 14-295.
Section 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
This court has previously noted that "[t]he appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue." (Internal quotation marks omitted.)Donahue v. Thomas, Superior Court, judicial district of Waterbury, Docket No. 161182 (February 28, 2001, Rogers, J.). "One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence." (Internal quotation marks omitted.) Id.; see McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.);Chatterton v. Infinity Insurance Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064615 (October 1, 1999,Arnold, J.); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon,J.); Reed v. Sesta, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.);Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn. L. Rptr. 241); Cloutier v. Meinerth, Superior Court, judicial district of Danbury, Docket No. 329940 (February 25, 1998, Moraghan, J.);Kelly v. Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998, Maiocco, J.).
"The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the CT Page 12851 plaintiff's injuries." (Internal quotation marks omitted.) Donahue v.Thomas, supra, Superior Court, Docket No. 161182; see Kennedy v. Roy, Superior Court, judicial district of Waterbury, Docket No. 162567 (April 19, 2001, Doherty, J.); Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (March 9, 2001, Rush, J.); Carroll v. Wade, Superior Court, judicial district of Litchfield, Docket No. 082366 (February 9, 2001, Cremins,J.); Chieffo v. Yannielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.); Stiber v.Adjei, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 070751 (January 3, 2001, Arnold, J.); Flores v.Viveros-Velazquez, Superior Court, judicial district of Windham at Putnam, Docket No. 063971 (November 21, 2000, Foley, J.); Torres v.Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.); Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.). This court has previously recognized that the majority view is more persuasive and has held that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Internal quotation marks omitted.) Donahue v. Thomas, supra, Superior Court, Docket No. 161182.
In the present case, the plaintiff alleges in count three that the "collision was caused by the deliberate and reckless disregard of [Jesse McCullogh]" and that Jesse McCullogh operated his motor vehicle in violation of General Statutes §§ 14-222, 14-218a, 14-219 and 14-240a. (Complaint, count three, ¶ 5.) The plaintiff also alleges that Jesse McCullogh's "operation of his motor vehicle with reckless disregard was a substantial factor in causing the injuries and losses to the plaintiff pursuant to [General Statutes §] 14-295. . . ." (Complaint, count three, ¶ 6.) Thus, in construing the facts most favorable to the plaintiff, the court finds that the plaintiff has complied with the requirements of § 14-295 by sufficiently pleading that Jesse McCullogh's reckless operation of a motor vehicle was a substantial factor in causing her injuries and losses. Accordingly, the defendants' motion to strike count three of the complaint is denied.
CHASE T. ROGERS SUPERIOR COURT JUDGE