[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On June 29, 2001, the plaintiff, Scott M. Liell, filed a three count amended complaint against the defendant, Patrick J. Dwyer. The plaintiff alleges a cause of action for negligence in count one, recklessness in count two and statutory recklessness in count three. The plaintiff's amended complaint alleges that the defendant was the owner and operator of a motor vehicle that "struck the plaintiff's vehicle" causing the plaintiff to suffer injuries and property damage. (Plaintiff's Complaint, Count One, ¶¶ 2-3.) The plaintiff is seeking damages, including double or treble damages pursuant to General Statutes § 14-295.
On July 3, 2001, pursuant to Practice Book § 10-39, the defendant filed a motion to strike counts two and three of the plaintiff's amended complaint as well as his corresponding claim for double and treble damages under General Statutes § 14-295, on the grounds that the plaintiff's negligence and common law recklessness counts are essentially identical, the plaintiff has failed to allege that the defendant's behavior was a substantial factor in causing the plaintiff's injuries as required under § 14-295, and neither the common law or statutory recklessness claims are pleaded with specificity. The defendant, in his memorandum of law in support of the motion to strike, filed pursuant to Practice Book § 10-42, asserts that the plaintiff merely reiterates in counts two and three, alleging recklessness, the same allegations as pleaded in count one, alleging negligence. The defendant also argues that the plaintiff "[failed] to allege facts sufficient to support a claim of reckless and/or intentional conduct" and, therefore, fails to come within the purview of [General Statutes] § 14-295.[1] On July 2, 2001, the plaintiff filed a memorandum in opposition to the defendant's motion to strike, as required by Practice Book § 10-42. The plaintiff asserts that he has satisfied the pleading requirements of both common law and statutory recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the CT Page 15303 plaintiff" (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). "Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39.
"[W]here the allegations of a count of a contested pleading support a cause of action for recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v. Connecticut Light Power, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059027 (November 9, 1999, Nadeau, J.). "[T]here is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts, causes of action arising out of those same facts alleging recklessness." Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn. L. Rptr. 241, 242). "It is frequently urged on [the court] that the similarity of allegations renders one cause of action . . . invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts." Haley v. Connecticut Light Power, supra, Superior Court, Docket No. 059027. "Rather than follow a mechanistic approach . . . it seems more appropriate . . . to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." Triano v.Fitzpatrick, M.D., Superior Court, judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham, J.).
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). "It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Shay v. Rossi,253 Conn. 134, 181, 749 A.2d 1147 (2000).
The court finds that the plaintiff sufficiently alleges a claim of common law recklessness. The plaintiff alleges that the defendant acted CT Page 15304 recklessly in various ways. He asserts that the defendant was driving "while intoxicated and . . . at an excessive rate of speed . . . [with] due regard to the width, traffic . . . and weather conditions . . ." in violation of General Statutes §§ 14-218a, 14-227a (a), 14-240 (b),14-230 and 14-301. (Plaintiff's Amended Complaint, Count Two, ¶¶ 3, 4.) The conduct alleged by the plaintiff could be characterized by the jury as "more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." Dubay v. Irish, supra,207 Conn. 533. "[S]uch conduct . . . indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Shay v. Rossi, supra, 253 Conn. 181.
The defendant's argument that the plaintiff fails to allege facts sufficient to support a claim of recklessness under General Statutes § 14-295 is unavailing. "The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence."Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries." Id.
In the present case, count three specifically alleges that the defendant operated his motor vehicle in violation of General Statutes §§ 14-222, 14-218a and 14-227a (a) and (b). (Plaintiff's Amended Complaint, Count Three, ¶ 4.) In addition, the plaintiff alleges that the defendant's violation of these statutes "were substantial factors in causing the plaintiff . . . personal injuries and losses." (Plaintiff's Amended Complaint, Count Three, ¶ 5.) In construing the facts most favorably to the pleader, the court finds that the plaintiff has satisfied the requirements of both lines of cases discussed above for a claim under General Statutes § 14-295. Gionfriddo v. Taylor, Superior Court, judicial district of Litchfield, Docket No. 083140 (September 27, 2000, Cremins, J.).
Accordingly, the defendant's motion to strike counts two and three of the amended complaint and the corresponding prayer for double and treble damages is denied. CT Page 15305
White, J.